Case 4:20-cv-00285   Document 1-2   Filed on 01/24/20 in TXSD   Page 1 of 13

10/22/2019 12:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37854790
By: Joshua Carroll
Filed: 10/22/2019 12:30 PM

CAUSE NO. _____

| | | |
|---|---|---|
| SERGIY GUMENYUK, Plaintiff | § § § § | IN THE DISTRICT COURT |
| v. | § § § § | HARRIS COUNTY, TEXAS |
| MARLOW NAVIGATION COMPANY, LTD., JANS HS SCHIFFAHRTS GMBH And HS SCHIFFAHRTS GMBH & CO KG., Defendants | § § § § § § | _____DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW SERGIY GUMENYUK, Plaintiff and a Jones Act seaman, complaining of MARLOW NAVIGATION COMPANY, LTD. (hereinafter sometimes "MARLOW"), JANS HS SCHIFFAHRTS GMBH (herein sometimes "JANS"), and HS SCHIFFAHRTS GMGH & CO KG (herein sometimes "HS SCHIFFARHTS"; collectively "Defendants"), for cause of action would respectfully show unto this Honorable Court the following:

### I.
### DISCOVERY PLAN LEVEL 3

Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure 190.

### II.
### REQUEST FOR DISCLOSURES

2.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

Gumenyuk | Original Petition

**EXHIBIT B**

Certified Document Number: 87729911 - Page 1 of 12

## III.
## PARTIES

3. Plaintiff, SERGIY GUMENYUK, is a Jones Act seaman working aboard commercial vessels, calling on various ports within the United States, but is a permanent resident of the Ukraine.

4. MARLOW NAVIGATION COMPANY, LTD. is a foreign corporation doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant may be served by and through the Texas Long Arm Statute (Tex. Civ. Prac. & Rem. Code § 17.042) via the Hague Convention, at Marlow Building, 13, Alexandreias Street, 3013 Limassol, Cyprus.

5. JANS HS SCHIFFAHRTS GMBH is a foreign corporation doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant may be served by and through the Texas Long Arm Statute (Tex. Civ. Prac. & Rem. Code § 17.042) via the Hague Convention, at Thyssenstraße 16 Haren (Ems), Niedersachsen 49733, Germany.

6. HS SCHIFFAHRTS GMBH & CO KG is a foreign corporation doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant may be served by and through the Texas Long Arm Statute (Tex. Civ. Prac. & Rem. Code § 17.042) via the Hague Convention, at Thyssenstraße 16 Haren (Ems), Niedersachsen 49733, Germany.

## IV.
## FACTUAL BACKGROUND

7. At all times pertinent hereto, Plaintiff Mr. Sergiy Gumenyuk (hereinafter sometimes "Sergiy" or "Chief Mate") was employed by Defendants as a Jones Act Seaman and a member of the crew of the M/V BBC AMISIA (hereinafter sometimes "the Ship" or "the Vessel"), as provided by 46 USC § 30104, et seq.,. Defendants individually and/or

collectively employed the Plaintiff as a Jones Act seaman and/or were the owners, operators, managers and/or the owners *pro hac vice* of the M/V BBC AMISIA. At all times material hereto, Plaintiff was acting within the course and scope of his employment as a seaman (and in fact as Chief Mate) aboard the Ship. At all times material hereto, the M/V BBC AMISIA worked as a commercial cargo ship operating in international waters and on the waters of the United States, including in the Port of Houston. On the day of the Subject incident, the Ship was berthed alongside or near the Manchester Terminal, located along the Houston Ship Channel, within the Port of Houston, Harris County, Texas.

7.   On the day of your Plaintiff's injuries, the Ship positioned itself to use large gantry cranes, to move the Ship's large pontoon hatch covers, while loading and unloading cargo on and off the ship. The gantry crane and one Able-Bodied Seaman (AB) were positioned on the port side of the Ship, and one Ordinary Seaman (OS) was on the starboard side of the ship. While docked at the Manchester Terminal, at approximately 2100 hours on November 16, 2016, the ship was finishing loading the holds. The operational plan was to load 4 more containers of dangerous cargo onto the hatch covers the following day, once the holds were closed and sealed.

8.   Chief Mate Gumenyuk had started his shift at 5 AM on November 16, 2016. He was on deck while the unloading/loading of cargo operations from the Ship's holds was being conducted. At 2100 hours, Chief Mate Gumenyuk gave the command to the crew to close the hatch covers. At this point, the Chief Mate went to the bridge to enter log data into the Ship's cargo program. At approximately 2210, while Chief Mate Gumenyuk was on the bridge, with the Captain present, Chief Mate Gumenyuk was radioed by the deck crew that the Ship's hatch cover did not close properly, as it could not get into proper position to seal. Chief Mate

Certified Document Number: 87729911 - Page 3 of 12

Gumenyuk was instructed by the Captain to go "check on it", telling him "yes chief, you're not going to relax today". Chief Mate Gumenyuk followed the Captain's orders and attended the deck to assess the broken ship hatch.

9. As he approached, two (2) seaman were near the gantry crane, one able bodied (AB) seaman was located on the Ship's port side, with an ordinary seaman (OS) on the Ship's starboard side. Plaintiff discovered the pontoon hatch on the starboard side would not fall into its proper position. Chief Mate Gumenyuk told both seamen to "stand down" and do no more actions until he was finished with the assessment. Both crewmen, one on the port side and the other on the starboard side, left their respective posts, and suddenly the crane began to move. The Plaintiff was caused to fall toward the large opening of the Ship's hold, so he instinctively stretched his arms out to grab at the gantry crane's base, to keep from falling to his death by landing in the Ship's deep hold.

10. The OS on starboard side heard a loud cry and stopped the crane. Other seamen on the deck immediately rushed over to the Chief Mate, visibly seeing that his left arm had been crushed. Local Emergency Medical Services were notified and transported the Chief Mate directly to Ben Taub General Hospital, Houston, Texas.

11. Chief Mate Gumenyuk's left arm was not only crushed, but "degloved". He sustained a great deal of tissue damage, broken bones, and loss of the full extension and use of his left arm and hand. He received and has continued to receive medical care and attention to repair the arm, reconnect tissue damage, plus physical therapy to regain control and use of his arm and hand. He has not been released to return to work, and at present it is not known when or if he will receive such release, whether he can return to his position as Chief Mate, or what permanent limitations or restrictions will be applied. It is expected however that some

Gumenyuk | Original Petition

limitations and restrictions will be issued by Plaintiff's doctors, and he will not be able to pursue his career as an officer or crewman for any commercial vessels in the future.

## V.
## JONES ACT NEGLIGENCE

12. On or about November 16, 2016, as Plaintiff was attempting to perform his assigned duties as a seaman (and more specifically as Chief Mate aboard the Vessel), Plaintiff sustained serious, permanent and disabling personal injuries to his left arm and all related anatomy, and perhaps other parts of his body, when he sustained the subject injuries while attempting to investigate and secure the Ship's pontoon hatch on the starboard side of the deck. The Defendants, individually and collectively, were negligent in the following particulars:

    a)    Failing to provide a safe place for Plaintiff to work;

    b)    Failing to maintain the pontoon hatch covers, so they would close properly, and not require a crewmember to investigate their getting stuck;

    c)    Failing to ensure that nothing got in the way or blocked the hatch covers, so they would close properly;

    d)    Failing to provide adequate visual warnings; there were no posted signs, no hazard warnings, paint, tape, or similar warnings posted in the area of the Crane bulkhead, where the gantry crane passes through, to warn personnel of a hazardous area;

    e)    Creating a dangerous situation by having blocked lines of sight while performing extremely dangerous maneuvers with the crane position and pontoon hatch;

f) Failing to have adequate lighting or crew on deck to provide a safe environment to perform the work required on the Vessel at the time of the incident;

g) Ordering Chief Mate back to the deck after he had already worked seventeen (17) hours that day, thus creating a state of fatigue and increasing the likelihood of danger and injury;

h) Failing to train the Ship's crew on how to secure or lock-out the Ship's crane, so it would not move and strike or injury Plaintiff; and

i) Otherwise as may be determined as discovery of this case proceeds.

## VI.
## UNSEAWORTHINESS

13. The Ship was unseaworthy, and such unseaworthiness caused or contributed to Plaintiff's injuries. The Ship was unseaworthy in the following particulars:

a) The Ship's hatch covers did not close, as designed and intended;

b) The Ship's hatch covers had become blocked by some object that kept them from closing, rendering that operation unsafe and incomplete;

c) The Ship's crane did not stop operating, or its lock-out device(s) did not operate properly;

d) the Ship's crew was not trained to handle the operations being conducted in a safe manner; and

e) Other items of Unseaworthiness to be identified hereafter through discovery or the trial of this matter.

## VII.
## MAINTENANCE AND CURE

14. Plaintiff would show that on the above-mentioned date, he was injured while acting as a seaman assigned to the M/V BBC AMISIA and working in the service of that Vessel. As a result, Defendants MARLOW NAVIGATION COMPANY, LTD., JANS HS SCHIFFAHRTS GMBH and HS SCHIFFAHRTS GMBH & CO KG, as his Jones Act employers had, and continue to have, a non-delegable duty to provide Plaintiff with all proper, timely and sufficient Maintenance and Cure benefits to which he is entitled. As Plaintiff's injuries resulting from the subject incident are serious and ongoing, he has needed, and still needs, these Maintenance and Cure benefits. Plaintiff will show that:

> (a) he has required medical attention as a result of the subject incident and injuries;
>
> (b) he still is receiving medical care as a result of those injuries;
>
> (c) he has not reached Maximum Medical Improvement ("MMI"); and
>
> (d) Defendant's duties to provide all complete, proper and timely Maintenance and Cure benefits continue.

Based upon information and belief, Defendants have denied the providing of all full, proper and timely Maintenance payments and medical treatment ("Cure") and related care and expenses, and/or have denied or delayed the timely payment of same, and/ or have paid and/or will pay or provide such Maintenance and Cure benefits in an insufficient amount. As a result of Defendants' failure to provide or pay and/or delay in timely providing and /or paying the full amount of Maintenance and Cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

Gumenyuk | Original Petition

## VIII.
## PUNITIVE DAMAGES, ATTORNEYS' FEES SOUGHT

15. Plaintiff would further show that Defendants MARLOW NAVIGATION COMPANY, LTD., HS SCHIFFAHRTS GMBH and/or HS SCHIFFAHRTS GMBH & CO KG were and are unjustified in their refusal or denial of (or failure to provide) timely, full and proper Maintenance and Cure benefits, that such denial or delay is not only unreasonable, but was and is arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of attorneys' fees and punitive damages, for which he now sues, in addition to all other relief sought.

## IX.
## FOUND

16. In addition, Plaintiff, as a seaman, brings claims for Found, which is the value of room and board that he received while he was employed by Defendants aboard one or more of their vessels. *See Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, n. 6 (5th Cir. 1986). Plaintiff should be awarded, as Found, the value of this room and board aboard Defendants' vessels, beginning at such time as Plaintiff is determined to have reached Maximum Medical Improvement, and continuing thereafter until such time as the otherwise would have retired.

## X.
## VENUE

17. Venue is proper in Harris County, Texas, as Defendants have maintained operations and conduct business in Harris County, Texas. In addition, one or more of Plaintiff's causes of action occurred in Harris County, Texas. Specifically, Plaintiff's injury occurred on the Vessel while it was located in Harris County, Texas while Defendants were

engaged here for the purpose of gaining monetary profits, and Plaintiff's initial medical treatment was provided in Harris County, Texas.

## XI.
## JURISDICTION, CASE NOT REMOVABLE

18. Upon information and belief, at all times pertinent to this case, the MV BBA AMISIA is and was a cargo ship and commercial vessel owned, operated, managed, owned *pro hac vice* and/or controlled by Defendants MARLOW NAVIGATION COMPANY, LTD., HS SCHIFFAHRTS GMBH and HS SCHIFFAHRTS GMBH & CO KG, was working as a commercial vessel along the Houston Ship Channel, all within Harris County, Texas, and at all times pertinent was within jurisdiction of the United States, including the jurisdiction of the United States Coast Guard and relevant United States federal regulations.

19. Plaintiff brings this action against Defendants pursuant to the General Maritime Laws of the United States. Jurisdiction is proper in this Court, and the case is not removable, *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S. Ct. 468, 3 L. Ed. 2d 368, 1959 U.S. LEXIS 1747 (1959); *Morris v. Princess Cruise, Inc.*, 236 F.3d 1061, (9th Cir. 2001); *Richendollar v. Diamond M Drilling Co.*, 784 F 2d. 580, (5th Cir. 1986).

## XII.
## PREFRENTIAL TRIAL SETTING

20. Pursuant to Section 23.101 of the Texas Government Code, the court shall give "preference to hearings and trials of. . . claims under . . .the Jones Act" TEX. GOV'T CODE § 23.101(a)(5). Since Plaintiff qualifies as a seaman under the Jones Act, once he files his motion for preferential trial setting, the Court must set the Jones Act seaman's case as case number one on the docket for trial.

## XIII.
## DAMAGES

21. By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and requires medical treatment. Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

    a. past and future medical expenses;

    b. past and future physical pain and mental anguish;

    c. past and future physical impairment;

    d. past and future disfigurement;

    e. past lost wages and future lost wage-earning capacity;

    f. the value of the lost ability to perform household services;

    g. all Maintenance and Cure benefits to which he is entitled since the date of his injuries made the basis of this case;

    h. punitive damages and attorneys' fees for the employer's unreasonable, willful and wanton, or callous, disregard or failure to provide all prompt, complete and proper Maintenance and Cure benefits which were and are due;

    i. the value of Found (room and board aboard Defendants' vessels), after Maximum Medical Improvement is determined by the jury to have been met, also is due and owing, and Plaintiff seeks these benefits, among his damages; and

    j. such other damages as are available, in Admiralty, at Law, or in Equity.

22. Plaintiff seeks actual damages and punitive damages in an amount within the jurisdictional limits of this Court. More specifically, Plaintiff seeks monetary relief of over $500,000, all within the sound judgment and discretion of the jury.

## IVX.
## OTHER PROVISIONS

23.     Plaintiff did not cause or contribute to the injuries asserted or damages claimed herein.

24.     The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

25.     Plaintiff is entitled to receive all proper, complete and timely Maintenance and Cure benefits from Defendants, until such time as he reaches Maximum Medical Improvement. Plaintiff also is entitled to exemplary damages because, on information and belief, Defendants have arbitrary and capriciously denied or unnecessary denied or prolonged the receipt of or approval for these benefits.

## XV.
## RULE 193.7 NOTICE

26.     Pursuant to Rule 193.7 of the Texas Rule of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case may be used at any pretrial proceeding or at the trial of this matter.

## XVI.
## JURY DEMAND

27.     Plaintiff hereby demands trial by jury, as is his right as a Jones Act seaman.

## XVII.
## PRAYER

Wherefore, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that, on final trial, Plaintiff have Judgment against

Gumenyuk | Original Petition

Defendants **MARLOW NAVIGATION COMPANY LTD., JANS HS SCHIFFAHRTS GMBH and HS SCHIFFAHRTS GMBH & CO KG.**, for:

    a.    all damages permitted by law;

    b.    Reasonable attorneys' fees;

    c.    Pre-judgment interest;

    d.    Post-judgment interest;

    e.    Found;

    f.    Punitive damages;

    g.    Cost of suit; and

    h.    Such other and further relief, in Admiralty, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

HERD LAW FIRM, PLLC

By: *[signature]*
CHARLES F. HERD, JR.
TX BAR NO. 09504480
19500 TOMBALL PARKWAY, SUITE 250
HOUSTON, TEXAS 77070
TEL: 713-955-3699
FAX: 281-462-5180
charles.herd@herdlawfirm.com
*ATTORNEY FOR THE PLAINTIFF*



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 24, 2020


Certified Document Number:        87729911 Total Pages:  12


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**