IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SERGIY GUMENYUK,** | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | |
| | * | |
| **MARLOW NAVIGATION** | * | CAUSE NO. 4:20:cv-00285 |
| **COMPANY, LTD, JANS HS** | * | |
| **SCHIFFAHRTS GMBH and HS** | * | |
| **SCHIFFAHRTS GMBH & CO KG.,** | * | |
| Defendants. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER

**NOW INTO COURT,** through undersigned counsel, comes defendant, HS Schiffahrts GmbH & Co. KG MS "Jan" (erroneously referred to in plaintiff's Petition as "Jans HS Schiffahrts GMBH and HS Schiffahrts GMGH & Co KG" and hereinafter referred to as "Schiffahrts"), and, for answer to the Petition of Sergiy Gumenyuk ("Plaintiff"), alleges and avers on information and belief as follows:

### First Defense

The Petition fails to state a claim against Schiffahrts upon which relief can be granted.

### Second Defense

In response to the numbered paragraphs of Plaintiff's Petition, Schiffahrts alleges and avers upon information and belief as follows:

1

1.

Paragraph 1 of the Petition does not contain allegations of fact for which answer is required, but states conclusions of law pertinent only if this matter were to be pending in state court.

2.

Paragraph 2 of the Petition does not contain allegations of fact for which answer is required, but states conclusions of law pertinent only if this matter were to be pending in state court.

3.

Schiffahrts admits Plaintiff is a resident of the Ukraine. Except as admitted, Schiffahrts denies the remaining allegations contained in Paragraph 3 of the Petition.

4.

Schiffahrts denies the truth of the allegations contained in Paragraph 4 of the Petition for lack of knowledge or information sufficient to justify a belief in the truth thereof.

5.

Schiffahrts admits that it is a foreign corporation. Except as admitted, Schiffahrts denies the remaining allegations contained in Paragraph 5 of the Petition.

6.

Schiffahrts admits that it is a foreign corporation. Except as admitted, Schiffahrts denies the remaining allegations contained in Paragraph 6 of the Petition.

7.

Schiffahrts admits Plaintiff was chief officer on the M/V BBC AMISIA, a ship located in Houston Ship Channel on November 16, 2016. Except as admitted, Schiffahrts denies the remaining allegations contained in Paragraph 7 of the Petition.

8.

Schiffahrts denies the truth of the allegations contained in Paragraph 8 (misnumbered as Paragraph 7) of the Petition for lack of knowledge or information sufficient to justify a belief in the truth thereof.

9.

Schiffahrts denies the truth of the allegations contained in Paragraph 9 (misnumbered as Paragraph 8) of the Petition for lack of knowledge or information sufficient to justify a belief in the truth thereof.

10.

Schiffahrts denies the truth of the allegations contained in Paragraph 10 (misnumbered as Paragraph 9) of the Petition for lack of knowledge or information sufficient to justify a belief in the truth thereof.

11.

Schiffahrts denies the truth of the allegations contained in Paragraph 11 (misnumbered as Paragraph 10) of the Petition for lack of knowledge or information sufficient to justify a belief in the truth thereof.

12.

Schiffahrts denies the truth of the allegations contained in Paragraph 12

(misnumbered as Paragraph 11) of the Petition for lack of knowledge or information sufficient to justify a belief in the truth thereof.

13.

Schiffahrts denies the truth of the allegations contained in Paragraph 13 (misnumbered as Paragraph 12) of the Petition, including all sub-parts.

14.

Schiffahrts denies the truth of the allegations contained in Paragraph 14 (misnumbered as Paragraph 13) of the Petition, including all sub-parts.

15.

Schiffahrts denies the truth of the allegations contained in Paragraph 15 (misnumbered as Paragraph 14) of the Petition.

16.

Schiffahrts denies the truth of the allegations contained in Paragraph 16 (misnumbered as Paragraph 15) of the Petition.

17.

Schiffahrts denies the truth of the allegations contained in Paragraph 17 (misnumbered as Paragraph 16) of the Petition.

18.

Schiffahrts denies the truth of the allegations contained in Paragraph 18 (misnumbered as Paragraph 17) of the Petition.

19.

Paragraph 19 (misnumbered as Paragraph 18) of the Petition does not contain allegations of fact for which answer is required, but states conclusions of law. To the extent answer is required, Schiffahrts admits the M/V AMISIA was a cargo ship operating in the Houston Ship Channel on November 16, 2016. Except as admitted, Schiffahrts denies the truth of the allegations contained in Paragraph 19 of the Petition.

20.

Paragraph 20 (misnumbered as Paragraph 19) of the Petition does not contain allegations of fact for which answer is required, but states conclusions of law. Schiffahrts denies the application of U.S. law to this claim.

21.

Schiffahrts denies the truth of the allegations contained in Paragraph 21 (misnumbered as Paragraph 20) of the Petition, as Schiffahrts denies plaintiff is a Jones Act seaman.

22.

Schiffahrts denies the truth of the allegations contained in Paragraph 22 (misnumbered as Paragraph 21) of the Petition, including all sub-parts.

23.

Schiffahrts denies the truth of the allegations contained in Paragraph 23 (misnumbered as Paragraph 22) of the Petition.

24.

Schiffahrts denies the truth of the allegations contained in Paragraph 24

(misnumbered as Paragraph 23) of the Petition.

25.

Schiffahrts denies the truth of the allegations contained in Paragraph 25 (misnumbered as Paragraph 24) of the Petition.

26.

Schiffahrts denies the truth of the allegations contained in Paragraph 26 (misnumbered as Paragraph 25) of the Petition.

27.

Paragraph 27 (misnumbered as Paragraph 26) of the Petition does not contain allegations of fact for which answer is required, but states conclusions of law pertinent only if the case were pending in state court. Schiffahrts denies plaintiff was a Jones Act seaman.

28.

Paragraph 28 (misnumbered as Paragraph 27) of the Petition does not contain allegations of fact for which answer is required, but states conclusions of law. If answer is required, Schiffahrts denies that plaintiff was a Jones Act seaman.

## Third Defense

Schiffahrts denies the truth of any unnumbered paragraphs of plaintiff's Petition and/or the prayer for relief.

## Fourth Defense

Plaintiff's claims are subject to arbitration.

### Fifth Defense

Schiffahrts assert that plaintiff's injuries, if any, were caused by the fault and neglect of a party for whom Schiffahrts is not responsible.

### Sixth Defense

Plaintiff's injuries, if any, were the result of a pre-existing condition and/or a subsequent/intervening condition, all of which serves to bar or diminish plaintiff's recovery herein.

### Seventh Defense

Schiffahrts submits that plaintiff's injuries, if any, were the result of risks incidental to and inherent in the duties and employment of plaintiff, plaintiff's own action, and/or plaintiff's medical condition and, therefore, were assumed by him.

### Eighth Defense

Schiffahrts affirmatively asserts that plaintiff has failed to mitigate his damages. Plaintiff is placed on the full proof of the fairness and reasonableness of the steps, if any, taken to minimize said injuries and/or damages, if any.

### Ninth Defense

To the extent U.S, law applies, Plaintiff claims for punitive damages violates the Due Process and Excessive Fines Clauses of the United States Constitution.

### Tenth Defense

To the extent U.S. law applies, punitive damages are not currently available to plaintiff for his Jones Act and/or unseaworthiness claims.

### Eleventh Defense

Schiffahrts asserts that plaintiff already has settled and released his claims against them; therefore, Schiffahrts asserts accord and satisfaction as an affirmative defense.

### Twelfth Defense

Plaintiff's claims are subject to German law or a country other than the United States.

### Thirteenth Defense

Venue is improper due to a forum selection clause in Plaintiff's Collective Bargaining Agreement, adopted by reference in plaintiff's employment agreement requiring disputes to be arbitrated/resolved in Germany.

### Fourteenth Defense

*Forum Non Conveniens* principals require this case to be transferred to Germany.

### Fifteenth Defense

This Honorable Court lacks personal jurisdiction over Schiffahrts.

### Sixteenth Defense

Schiffahrts asserts that if plaintiff was injured as alleged, which is denied, plaintiff's injuries were caused by, and/or contributed to by, and/or aggravated by plaintiff's own negligence, which serves to bar or mitigate plaintiff's recovery herein. Schiffahrts specifically pleads plaintiff's comparative fault as a defense.

### Seventeenth Defense

Plaintiff's damages are limited to the amount set forth in the pertinent Collective Bargaining Agreement.

**WHEREFORE,** the premises considered, Schiffahrts prays that this, its Answer, be deemed good and sufficient, and after due proceedings had, there be judgment in its favor and against plaintiff, dismissing the Petition at plaintiff's cost, and for all general and equitable relief.

          Respectfully Submitted,

          **MURPHY, ROGERS, SLOSS,**
            **GAMBEL & TOMPKINS**

          */s/ Tarryn E. Walsh*
          Tarryn E. Walsh (3514872)
          twalsh@mrsnola.com
          701 Poydras St., Suite 400
          New Orleans, LA  70139
          Telephone 504.523.0400
          ***Attorneys for HS Schiffahrts GmbH & Co. KG MS "Jan"***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I have on February 18, 2020, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by email, by telefax, by using the court's electronic filing system or by placing same in the United States Mail, properly addressed, and first-class postage prepaid.

          */s/ Tarryn E. Walsh*

4843-7895-4165, v. 1